# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

PROGRESSIVE HEALTH AND REHAB
CORP.,

       **Plaintiff,**

                                         **Case No. 2:16-cv-1153**

       **v.**                               **Judge Michael H. Watson**

                                         **Magistrate Judge Elizabeth P. Deavers**

GLENWOOD SYSTEMS LLC, *et al.*,

       **Defendants.**

## OPINION AND ORDER

Plaintiff, on behalf of itself and other putative class members, filed this case, alleging that

Defendants Glenwood Systems LLC and Columbus Sleep Consultants D.M.E. violated the

Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act (the "JFPA"),

47 U.S.C. § 227, by sending an allegedly unsolicited fax advertisement.  (ECF No. 1.)  This

matter is before the Court for consideration of Subpoenaed Non-Party Columbus Sleep

Consultants Inc.'s ("CSC") Motion to Quash Subpoena (ECF No. 23), Plaintiff's Memorandum

in Opposition (ECF No. 24), and Non-Party CSC's Reply (ECF No. 28).  For the reasons that

follow, CSC's Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**.  (ECF No.

23.)

### I.

In its Complaint, Plaintiff alleges that Defendants sent it an unsolicited "2-page facsimile

transmission of an unsolicited advertisement on or about November 26, 2015.  . . . The Fax

describes the commercial availability or quality of Defendants' products, goods and services."

(ECF No. 1 at 2.)  According to Plaintiff, Defendants, thus, violated the JFPA, which states in

pertinent part:

>   (b) Restrictions on use of automated telephone equipment
>
>   (1) Prohibitions
>
>   It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . .
>
>   (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement

47 U.S.C. § 227(b)(1)(C).  Applicable regulations define a "sender" as "the person or entity on

whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are

advertised or promoted in the unsolicited advertisement."  47 C.F.R. § 64.1200(f)(10).

On June 29, 2017, Plaintiff served a subpoena upon non-party CSC directing CSC to

produce certain documents related to its relationship with Defendant[1] and CSC's use of faxes.

(ECF No. 23-1 at 1-3.) Plaintiff's subpoena requests the production of the following documents:

1.  All documents concerning your relationship with Glenwood Systems.

2.  All documents concerning your relationship with Columbus Sleep Consultants, D.M.E., LLC.

3.  All documents concerning your communications with Glenwood Systems.

4.  All documents concerning your agreements with Glenwood Systems to market or advertise your products, goods and services.

5.  All documents reflecting any payments made by you or someone on your behalf to any person who sent Exhibit a to Plaintiff's First Amended complaint by fax, including but not limited to invoices, accounting records, cancelled checks, credit memos for marketing and advertising of your products, goods and services.

---

[1] Plaintiff voluntarily dismissed Defendant Glenwood Systems LLC on January 27, 2017, leaving only Columbus Sleep Consultants D.M.E. as a defendant in this matter.  (ECF No. 9.)

6. All lists of fax numbers used to send advertisements by fax during the relevant time period.

7. All documents which identify whether you or anyone sought prior express invitation or permission before sending any advertisements by fax.

8. Each form of advertisement which was sent by fax.

9. All documents which show you or Columbus Sleep Consultants D.M.E., LLC had an established business relationship with any person to whom advertisements were sent by fax.

10. All transmission records for each advertisement sent by fax during the relevant time period.

11. All documents from any person who requested to opt out from future faxes.

12. All documents which show how each opt-out request was handled.

13. All communications with Plaintiff.

14. All communications with the other members of the putative class.

15. All documents which explain or describe how the list(s) used to send advertisements by fax was assembled, acquired or maintained.

16. All documents which identify the list of Ref. physicians referred to in the email from Francis Dumashie dated November 18, 2015 attached hereto.

17. All documents which identify who received any revenues from the property, goods and services identified on Exhibit A to Plaintiff's First Amended Complaint.

(*Id*. at 9-10.)  On August 11, 2017, CSC filed its Motion to Quash arguing that the subpoena seeks production of information not relevant to any party's claims or defenses, as required by the Federal Rules of Civil Procedure.  (ECF No. 23 at 5-9.)  CSC maintains that, as a non-party, it is not a "sender" of faxes for purposes of this litigation and that information regarding any faxes it may or may not have sent do not relate to any present claims or defenses in this matter.  (*Id*.; ECF No. 28 at 2-3.)  Plaintiff counters that, by statute, Defendant is a "sender" of the fax in issue because its goods or services were advertised and, thus, any documents related to CSC's

relationship to Defendant or to CSC's use of faxes for advertising is discoverable under the Rules. (ECF No. 24 at 6.)

## II.

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B).

Generally, discovery is available "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231 (6th Cir. 2016.); *see* Fed. R. Civ. P. 26(b)(2).

The Court finds CSC has demonstrated the irrelevance of the information Plaintiff seeks. Plaintiff makes much of the regulation's definition of "sender" and insists that CSC is liable under the statute along with Defendant. (ECF No. 24 at 6.) In determining the proper scope of discovery, however, the Rules direct the Court to construe the parties' claims and defenses. Fed. R. Civ. P. 26(b)(1). In so doing, the Court looks not to what Plaintiff might have pleaded, but to what Plaintiff actually pleaded. In the instant matter, Plaintiff chose to name in its Complaint only Defendant Columbus Sleep Consultants D.M.E. as a "sender" and asserted facts alleging the receipt of one unsolicited fax. (ECF No. 1.) The Court, then, must look to Plaintiff's claims

4

against Defendant and Defendant's possible defenses in order to determine the proper scope of discovery in this matter. Fed. R. Civ. P. 26(b)(1)

Except for Request No. 9, the documents at issue do not relate to Defendant's actual sending of the alleged fax, to the existence or non-existence of any solicitation or pre-existing business relationship between Defendant and Plaintiff, or any other claim or defense relevant to this matter in its current posture. Insofar as Request No. 9 seeks only documents related to Defendant's business relationship with Plaintiff, Plaintiff requests documents directly addressing one of Defendant's possible defenses under the statute and regulations. Request No. 9, however, is so broadly fashioned that full compliance would likely require non-party CSC to produce vastly more irrelevant information than relevant information.

The Court finds, therefore, that only those documents that relate to Defendant's business relationship with Plaintiff fall within Rule 26(b)(1)'s contemplated scope of permissible discovery. The Court further finds that Plaintiff's other sixteen requests seek production of documents that are not relevant to any party's claims or defenses, as required by the Rules. Fed. R. Civ. P. 26(b)(1). Accordingly, except for Request No. 9 as construed above, Plaintiff's requests for production by non-party CSC are **QUASHED**.

For the reasons explained above, CSC's Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 23.) The Court will conduct a status conference with the parties to further define the limited scope of production that is necessary to comply with this Order. The parties are **DIRECTED** to confer prior to the conference in an attempt to resolve this matter.

**IT IS SO ORDERED.**


Date: October 26, 2017                       __ s/ *Elizabeth A. Preston Deavers* __
                                               ELIZABETH A. PRESTON DEAVERS
                                       UNITED STATES MAGISTRATE JUDGE